**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| DOMINIQUE WALDEN,<br><br>    Plaintiff,<br><br> -v-<br><br>EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; LVNV FUNDING, LLC; NAVY FEDERAL CREDIT UNION;<br><br>    Defendants. | Case No.: 3:24-cv-00317 |

**DEFENDANT NAVY FEDERAL CREDIT UNION'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Navy Federal Credit Union ("Navy Federal"), by counsel, submits its Answer and Affirmative Defenses to Complaint filed by Dominique Walden ("Plaintiff").

**Preliminary Statement**

1. The allegations set forth in Paragraph 1 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

**Jurisdiction, Venue, and Jury Demand**

2. The allegations set forth in Paragraph 2 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

3.      The allegations set forth in Paragraph 3 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

4.      The allegations set forth in Paragraph 4 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

5.      Navy Federal admits that Plaintiff demands a trial by jury.

## Parties

6.      Navy Federal admits that Plaintiff is a natural person. Navy Federal is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of the Complaint, and therefore it denies the same.

7.      The allegations set forth in Paragraph 7 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

8.      Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

9.      Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

10. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed

11. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

12. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

13. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

14. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

15. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

16.     Navy Federal admits that it is a credit union.

17.     The allegations set forth in Paragraph 17 of the Complaint contain statements and conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

18.     It is admitted that Plaintiff refers to Navy Federal and LVNV as "The Furnisher Defendants".

**Facts**

19.     Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and therefore denies the allegations in Paragraph 19.

20.     Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

21.     The allegations in Paragraph 21 of the Complaint refer to documents that speak for themselves. Any allegations inconsistent with the documents are denied.

22.     Navy Federal denies the allegations in Paragraph 22.

23.     Navy Federal denies the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 of the Complaint refer to documents that speak for themselves. Any allegations inconsistent with the documents are denied.

25.     It is denied that Navy Federal verified money being owed by the Plaintiff in 2019. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 of the Complaint as the allegations are related to a

Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

26. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

27. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

28. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

29. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

30. Navy Federal denies the allegations contained in Paragraph 30.

31. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

32. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

33. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

34. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

35. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

36. Navy Federal denies the allegations contained in Paragraph 36.

37. Navy Federal denies the allegations contained in Paragraph 37.

38. Navy Federal denies the allegation contained in Paragraph 38.

### Count One
### Claim for Relief as to the Furnisher Defendants
### 15 U.S.C. § 1681s-2(b)

39. Navy Federal restates and realleges all previous responses as if set forth at length.

40. Navy Federal denies the allegations contained in Paragraph 40.

41. Navy Federal denies the allegations contained in Paragraph 41.

42. Navy Federal denies the allegations contained in Paragraph 42.

43. Navy Federal denies the allegations contained in Paragraph 43.

44. Navy Federal denies the allegations contained in Paragraph 44.

45. Navy Federal denies the allegations contained in Paragraph 45.

46. Navy Federal denies the allegations contained in Paragraph 46.

## Count Two
### Claim for Relief as to Equifax, TransUnion and Experian
### 15 U.S.C. § 1681e(b)

47. Navy Federal restates and realleges its responses to all previous paragraphs.

48. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint as the allegations are related to Defendants other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

49. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

50. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint as the allegations are related to a Defendant other than Navy Federal. To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

51. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint as the allegations are related

to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

52. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

### Count Three
### Claim for Relief as to Equifax, TransUnion and Experian
### 15 U.S.C. § 1681i(a)

53. Navy Federal restates and realleges all previous paragraphs herein.

54. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

55. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

56. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

57. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint as the allegations are related

to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

58. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

59. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

60. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

61. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

62. Navy Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint as the allegations are related to a Defendant other than Navy Federal.  To the extent the statement can be construed as asserting allegations against Navy Federal, the allegations are denied.

**AFFIRMATIVE DEFENSES**

Navy Federal hereby sets forth the following affirmative defenses to the Complaint. By asserting the defenses set forth below, Navy Federal does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses. Nor does Navy Federal admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled.

1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

2. Navy Federal denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

3. Plaintiff cannot recover from Navy Federal to the extent that any damages that Plaintiff may have suffered, which Navy Federal continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

4. Plaintiff cannot recover from Navy Federal to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Navy Federal continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Navy Federal had no control, and for whose conduct Navy Federal is not responsible, which bars or diminishes any recovery by Plaintiff against Navy Federal.

5. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate his damages.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or the statute of limitations contained in 15 U.S.C. § 1681p.

7. Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Navy Federal states that while it does not believe Plaintiff has stated a claim for punitive damages, even if he proves an entitlement to any such punitive damage award, Navy Federal is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America.

8. At all times relevant, Navy Federal acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

9. Navy Federal reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Navy Federal Credit Union, by counsel, respectfully requests that the Court dismiss all of the Plaintiff's claims against Navy Federal, with prejudice, enter judgment in favor of Navy Federal and against Plaintiff, and award Navy Federal such other and further relief as the Court may deem just and appropriate.

Dated: June 26, 2024

Respectfully submitted,
**NAVY FEDERAL CREDIT UNION**

/s/ *David M. Gettings*
David M. Gettings (VSB No. 80394)
Nicholas R. Jimenez (VSB No. 96629)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Avenue
Virginia Beach, Virginia 23462
Telephone: (757) 687-7747
E-Mail: david.gettings@troutman.com
E-Mail: nicholas.jimenez@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2024, the foregoing was filed electronically with the Clerk of Court using the CM/ECF.

*/s/ David M. Gettings*
David M. Gettings (VSB No. 80394)

172800630