**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **DOMINIQUE J. WALDEN,** ) | |
|                 **Plaintiff,** ) | |
| **v.** ) | |
| ) | |
| ) | **Civil Action No.: 3:24-cv-00317-DJN** |
| **EQUIFAX INFORMATION SERVICES, LLC,** ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** ) | |
| **INC., TRANS UNION, LLC, LVNV FUNDING** ) | |
| **LLC and** ) | |
| **NAVY FEDERAL CREDIT UNION,** ) | |
|                 **Defendants.** ) | |

**DEFENDANT LVNV FUNDING, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, LVNV Funding, LLC ("LVNV"), by counsel, respectfully submits the following Answer and Affirmative Defenses to Plaintiff Dominique J. Walden's ("Mr. Walden" or "Plaintiff") Complaint [D.E. 1].

LVNV denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. LVNV further states that its investigation of the present matter is ongoing. Accordingly, LVNV reserves the right to amend its Answer. LVNV denies any and all allegations contained in the headings in the Complaint.

In response to the separately numbered paragraphs in the Complaint (reproduced below), LVNV states as follows:

**AS TO "PRELIMINARY STATEMENT"**

1.    This is an action by a consumer seeking actual damages, statutory damages, and punitive damages, attorney fees and costs and for declaratory relief for defendants violation of The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681 *et seq*.

1

**RESPONSE**: To the extent Paragraph 1 of the Complaint is a preliminary statement of the case, no response is required. To the extent a response is required, LVNV admits only that Mr. Walden's Complaint purports to seek damages under the Fair Credit Reporting Act ("FCRA"). LVNV otherwise denies that the Complaint sets forth a viable cause of action against it.

## AS TO "JURISDICTION, VENUE, and JURY DEMAND"

2.      This Court has jurisdiction, 28 U.S.C. § 1331, and pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p.

**RESPONSE**: To the extent Paragraph 2 calls for a legal conclusion, no response is required. To the extent a response is required, LVNV admits only that Mr. Walden's Complaint purports to seek damages under the FCRA. LVNV otherwise lacks information or knowledge sufficient to form a belief about the remaining allegations in Paragraph 2 and therefore denies them.

3.      This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Commonwealth of Virginia.

**RESPONSE**: LVNV admits the allegations in Paragraph 3 for venue purposes only, otherwise denied.

4.      The court has personal jurisdiction over the defendants because they regularly transact business here, and caused tortious damages, such that they should expect to be hailed into court here.

**RESPONSE**: LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations directed to other defendants contained in Paragraph 4 and therefore denies them, and LVNV specifically denies that it transacts business in the Commonwealth of Virginia.

5.      TRIAL BY JURY IS DEMANDED.

**RESPONSE**: LVNV states that Paragraph 5 is a request for a jury trial, to which no response on behalf of LVNV is required. To the extent a response is required, LVNV denies the allegations contained in Paragraph 5.

### AS TO "PARTIES"

6.      Plaintiff is a natural person and a resident of the Commonwealth of Virginia.

**RESPONSE**: LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies them.

7.      Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(b) and (c).

**RESPONSE**: LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies them.

8.      Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

**RESPONSE**:  Paragraph 8 of the Complaint contains allegations against Equifax, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and therefore denies them.

9.      Upon information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a.  Public record information;

b.  Credit account information from persons who furnish that information regularly and in the ordinary course of business.

**RESPONSE**:  Paragraph 9 of the Complaint contains allegations against Equifax, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 9 and therefore denies them.

10.     Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

**RESPONSE**:  Paragraph 10 of the Complaint contains allegations against Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and therefore denies them.

11.     Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

c.  Public record information;

d.  Credit account information from persons who furnish that information regularly and in the ordinary course of business.

**RESPONSE**:  Paragraph 11 of the Complaint contains allegations against Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and therefore denies them.

12.     Transunion, LLC (hereinafter "TransUnion") is an Illinois Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

**RESPONSE**:  Paragraph 12 of the Complaint contains allegations against TransUnion, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 12 and therefore denies them.

13.     Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

e.  Public record information;

f.  Credit account information from persons who furnish that information regularly and in the ordinary course of business.

**RESPONSE**:  Paragraph 13 of the Complaint contains allegations against TransUnion, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and therefore denies them.

14.     LVNV Funding, LLC (hereinafter "LVNV") is a South Carolina LLC[.]

**RESPONSE**: LVNV admits only that it is a limited liability company, but denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Upon information and belief LVNV is a furnisher of information to Equifax, TranUnion [sic] and Experian.

**RESPONSE**:  LVNV denies the allegations in Paragraph 15 of the Complaint.

16.     Navy Federal Credit Union (hereinafter "NFCU") is a Credit Union.

**RESPONSE**:  Paragraph 16 of the Complaint contains allegations against NFCU, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and therefore denies them.

17.     Upon information and belief NFCU is a furnisher of information to Equifax, TranUnion [sic] and Experian.

**RESPONSE**:  Paragraph 17 of the Complaint contains allegations against NFCU, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and therefore denies them.

18.     LVNV and NFCU will be referred to as "The Furnisher Defendants."

**RESPONSE**:  Paragraph 18 of the Complaint does not contain any factual allegations to which LVNV is required to respond. To the extent a response is required, LVNV denies the allegations contained in Paragraph 18.

## AS TO "FACTS"

19.     Plaintiff was the victim of identity theft.

**RESPONSE**: LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies them.

20.     An unknown person opened accounts with NFCU and Cross River Bank (Cross River is not a defendant herein). Upon information and belief, Cross River either sold their account directly to LVNV or indirectly to LVNV.

**RESPONSE**: LVNV admits only that through sale and assignment, it gained all rights and title to the account ending in 4595, originated by Cross River Bank and to the account ending in 2168, originated by Cross River Bank. LVNV lacks information or knowledge sufficient to form a belief about the allegations against NFCU and therefore denies them. LVNV is without information or knowledge sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 20 of the Complaint and therefore denies them.

21.     NCFU and LVNV each reported the debt as due, owing and in default.

**RESPONSE**: LVNV admits only that through sale and assignment, it gained all rights and title to the account ending in 4595, originated by Cross River Bank and to the account ending in 2168, originated by Cross River Bank. LVNV lacks information or knowledge sufficient to form a belief about the allegations against NFCU and therefore denies them. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies them.

22.     It is false to report that Mr. Walden owes any money to NFCU or to LVNV or LVNV's predecessor in interest, Cross River Bank.

**RESPONSE**: To the extent Paragraph 22 calls for a legal conclusion, no response is required. To the extent a response is required, LVNV denies the allegations in Paragraph 22 of the Complaint.

23.     Plaintiff then disputed each account with each of the three national consumer credit reporting agencies, Equifax, TransUnion, and Experian, in April of 2019 and may have disputed prior to that.

**RESPONSE**: Paragraph 23 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 23 and therefore denies them.

24.     On information and belief, each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, communicated with Chase, PNC, and Wells Fargo, and forwarded all relevant information.

**RESPONSE**: Paragraph 24 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 24 and therefore denies them.

25.     On information and belief, upon receipt of the dispute against Equifax, TransUnion and Experian, each of The Furnisher Defendants, verified that the money was owed.

26.          **RESPONSE**: LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 25 and therefore denies them. On information and belief, Equifax conducted no investigation of their own and parroted the information provided by The Furnisher Defendants.

**RESPONSE**: Paragraph 26 of the Complaint contains allegations against Equifax, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 26 and therefore denies them.

27.     On information and belief, TransUnion conducted no investigation of their own and parroted the information provided by The Furnisher Defendants.

**RESPONSE**: Paragraph 27 of the Complaint contains allegations against TransUnion, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 27 and therefore denies them.

28.     On information and belief, Experian conducted no investigation of their own and parroted the information provided by The Furnisher Defendants.

**RESPONSE**: Paragraph 28 of the Complaint contains allegations against Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 28 and therefore denies them.

29.     On information and belief, LVNV failed to conduct a reasonable investigation into the account that had been used by another person other than the plaintiff.

**RESPONSE**: LVNV denies the allegations in Paragraph 29 of the Complaint.

30.     On information and belief, NFCU failed to conduct a reasonable investigation into the account that had been used by another person other than the plaintiff.

**RESPONSE**: Paragraph 30 of the Complaint contains allegations against NFCU, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and therefore denies them.

31.     On information and belief, Equifax failed to have a procedure to assure maximum possible accuracy by allowing an account that was the result of fraud or identity theft to remain on the credit file of the plaintiff.

**RESPONSE**: Paragraph 31 of the Complaint contains allegations against Equifax, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 31 and therefore denies them.

32.     On information and belief, TransUnion failed to have a procedure to assure maximum possible accuracy by allowing an account that was the result of fraud or identity theft to remain on the credit file of the plaintiff.

**RESPONSE**: Paragraph 32 of the Complaint contains allegations against TransUnion, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 32 and therefore denies them.

33.     On information and belief, Experian failed to have a procedure to assure maximum possible accuracy by allowing an account that was the result of fraud or identity theft to remain on the credit file of the plaintiff.

**RESPONSE**: Paragraph 33 of the Complaint contains allegations against Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 33 and therefore denies them.

34.     Plaintiff has disputed to each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, explaining that Furnisher Defendants had failed to investigate into the use of the account by an unauthorized person.

**RESPONSE**: Paragraph 34 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 34 and therefore denies them.

35.     On information and belief, TransUnion failed to have a procedure to assure maximum possible accuracy by allowing an account that was the result of failure to mitigate damages to show the full balance on the credit file of the plaintiff.

**RESPONSE**: Paragraph 35 of the Complaint contains allegations against TransUnion, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 35 and therefore denies them.

36.     On information and belief, The Furnisher Defendants failed to consider all relevant information provided by the consumer and consumer reporting agencies, because if they had been reviewing the documents, they would have known that the account was not used by the plaintiff.

**RESPONSE**: LVNV lacks information or knowledge sufficient to form a belief about the allegations against NFCU and therefore denies them. LVNV denies the remaining allegations in Paragraph 36 of the Complaint.

37.     On information and belief, The Furnisher Defendants have failed to modify or delete the false information as, if they had done so, they would have updated the false information to show that the account was not owed.

**RESPONSE**: LVNV lacks information or knowledge sufficient to form a belief about the allegations against NFCU and therefore denies them. LVNV denies the remaining allegations in Paragraph 37 of the Complaint.

38.     As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including *but not limited to* mental and emotional distress, and being denied credit.

**RESPONSE**: LVNV denies the allegations in Paragraph 38 of the Complaint.

### AS TO "COUNT ONE:
### CLAIM FOR RELIEF AS TO FURNISHER DEFENDANTS
### 15 U.S.C. 1681s-2[b]"

39.     Plaintiff restates and re-alleges all previous paragraphs herein.

**RESPONSE**: LVNV restates and re-alleges it denials and averments to the previous paragraphs as if fully set forth herein.

40.     Defendants have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in plaintiff's credit file.

**RESPONSE**: LVNV lacks information or knowledge sufficient to form a belief about the allegations against NFCU and therefore denies them. As to the allegations against LVNV, LVNV denies the same.

41.     Defendants have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to review all relevant information provided by Equifax, TransUnion or Experian.

**RESPONSE**: LVNV lacks information or knowledge sufficient to form a belief about the allegations against NFCU and therefore denies them. As to the allegations against LVNV, LVNV denies the same.

42.     Defendants have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to delete information that was inaccurate or could not be verified.

**RESPONSE**: LVNV lacks information or knowledge sufficient to form a belief about the allegations against NFCU and therefore denies them. As to the allegations against LVNV, LVNV denies the same.

43.     Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

**RESPONSE**: LVNV lacks information or knowledge sufficient to form a belief about the allegations against NFCU and therefore denies them. As to the allegations against LVNV, LVNV denies the same.

44.     Defendants have done so either negligently or willfully

**RESPONSE**: LVNV lacks information or knowledge sufficient to form a belief about the allegations against NFCU and therefore denies them. As to the allegations against LVNV, LVNV denies the same.

45.     Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

**RESPONSE**: LVNV denies the allegations in Paragraph 45 of the Complaint.

46.     Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

**RESPONSE**: LVNV denies the allegations in Paragraph 46 of the Complaint.

<u>**AS TO "COUNT TWO:**</u>
**CLAIM FOR RELIEF As to Equifax, TransUnion and Experian.
15 U.S.C. 1681e[b]"**

47.     Plaintiff restates and re-alleges all previous paragraphs herein.

**RESPONSE**: LVNV restates and re-alleges it denials and averments to the previous paragraphs as if fully set forth herein.

48.     Defendants have violated 15 U.S.C. §1681e(b) in that they failed to maintain a procedure to assure maximum possible accuracy.

**RESPONSE**: Paragraph 48 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 48 and therefore denies them.

49.     Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

**RESPONSE**: Paragraph 49 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 49 and therefore denies them.

50.     Defendants have done so either negligently or willfully

13

**RESPONSE**: Paragraph 50 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 50 and therefore denies them.

51.     Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

**RESPONSE**: LVNV denies the allegations in Paragraph 51 of the Complaint.

52.     Plaintiff is entitled to actual damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

**RESPONSE**: LVNV denies the allegations in Paragraph 52 of the Complaint.

<u>**AS TO "COUNT THREE:**</u>
**CLAIM FOR RELIEF As to Equifax, TransUnion and Experian.**
**15 U.S.C. 1681i[a]"**

53.     Plaintiff restates and re-alleges all previous paragraphs herein.

**RESPONSE**: LVNV restates and re-alleges it denials and averments to the previous paragraphs as if fully set forth herein.

54.     Defendants have violated 15 U.S.C. §1681i[a][1] in that they failed to conduct a reasonable investigation of the factual inaccuracies contained in the plaintiff's credit file.

**RESPONSE**: Paragraph 54 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 54 and therefore denies them.

55.     Defendants have violated 15 U.S.C. §1681i[a][2] in that they failed to forward all relevant information to the furnisher of the information.

**RESPONSE**: Paragraph 55 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 55 and therefore denies them.

56.     Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to consider all relevant information provided by the consumer.

**RESPONSE**: Paragraph 56 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 56 and therefore denies them.

57.     Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to delete information that was inaccurate or could not be verified.

**RESPONSE**: Paragraph 57 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 57 and therefore denies them.

58.     Defendants have violated 15 U.S.C. §1681i[a][5][C] in that they failed to a procedure to prevent the occurrence of false, inaccurate, or unverifiable information.

**RESPONSE**: Paragraph 58 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 58 and therefore denies them.

59.     Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

**RESPONSE**: Paragraph 59 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 59 and therefore denies them.

60.     Defendants have done so either negligently or willfully

**RESPONSE**: Paragraph 60 of the Complaint contains allegations against Equifax, TransUnion and Experian, and not LVNV. LVNV is without information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 60 and therefore denies them.

61.     Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

**RESPONSE**: LVNV denies the allegations in Paragraph 61 of the Complaint.

62.     Plaintiff is entitled to actual damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

**RESPONSE**: LVNV denies the allegations in Paragraph 22 of the Complaint.

WHEREFORE, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

**RESPONSE**: Mr. Walden's "WHEREFORE" paragraph does not contain any factual allegations to which LVNV is required to respond. However, LVNV denies that Mr. Walden is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a plausible claim against LVNV upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The equitable defenses of laches, unclean hands, and equitable estoppel may bar the Complaint or any recovery against LVNV.

16

### THIRD AFFIRMATIVE DEFENSE

The acts or omissions of third parties for whom LVNV is not responsible caused Mr. Walden's damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Mr. Walden's failure to mitigate damages, if any, bars or limits any recovery.

### FIFTH AFFIRMATIVE DEFENSE

Mr. Walden may have waived any claims against LVNV.

### SIXTH AFFIRMATIVE DEFENSE

To the extent any violation of law took place, the violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### SEVENTH AFFIRMATIVE DEFENSE

The statute of limitations may bar Mr. Walden's claim.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a valid claim for attorney fees, expenses, or costs.

### NINTH AFFIRMATIVE DEFENSE

Mr. Walden's potential recovery may be subject to set-off against what Mr. Walden owes to LVNV.

### TENTH AFFIRMATIVE DEFENSE

LVNV seeks all fees, expenses, costs, and any legally recoverable damages from Mr. Walden or his counsel that may be available under the FCRA or federal law, including but not limited to 15 U.S.C. §§ 1681n(c), 1681o(b), 28 USC §1927, Fed. R. Civ. P. 54(d)(1) or otherwise.

### ELEVENTH AFFIRMATIVE DEFENSE

LVNV and its agents complied with all applicable requirements of the FCRA, 15 U.S.C. § 1681 *et seq*.

### TWELFTH AFFIRMATIVE DEFENSE

LVNV is entitled to all defenses, presumptions, and inferences provided by the FCRA, 15 U.S.C. § 1681 *et seq*.

### THIRTEENTH AFFIRMATIVE DEFENSE

LVNV asserts that, in accordance with the relevant provisions of the FCRA, a reasonable and complete investigation was conducted, and Mr. Walden's credit information as to the LVNV account was verified, updated, and/or removed, and any and all disputed or allegedly false information reported by Mr. Walden was corrected.

### FOURTEENTH AFFIRMATIVE DEFENSE

LVNV asserts that, at all times material, it had in place reasonable and appropriate procedures to investigate and verify any and all credit information that was being furnished.

### FIFTEENTH AFFIRMATIVE DEFENSE

LVNV asserts that any information that was reported to any consumer reporting agency was, in fact, accurate.

### SIXTEENTH AFFIRMATIVE DEFENSE

Mr. Walden's Complaint seeks the imposition of punitive damages. LVNV adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

### SEVENTEENTH AFFIRMATIVE DEFENSE

Mr. Walden's Complaint fails to the extent that Mr. Walden lacks standing, Mr. Walden's alleged damages, if any, are speculative or uncertain and not compensable, and/or Mr. Walden cannot recover from LVNV because the Complaint fails to allege, or Plaintiff cannot maintain, an actual injury-in-fact which deprives the Court of Article III jurisdiction. Further, any damages that Mr. Walden's claims are not fairly traceable to the purported statutory violation Mr. Walden raises.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Mr. Walden may have released any claims against LVNV.

### NINETEENTH AFFIRMATIVE DEFENSE

LVNV reserves the right to amend or add more defenses or affirmative defenses as necessary.

**WHEREFORE**, Defendant, LVNV, respectfully requests that the Court:

1. Dismiss Mr. Walden's Complaint with prejudice;

2. Enter judgment in LVNV's favor and direct Mr. Walden to recover nothing from LVNV;

3. Grant LVNV its attorney's fees, expenses, and costs as set forth above; and

4. Grant LVNV such other and further relief as this Court deems just and proper.


*/s/ Brittany Given Simmons*
Brittany Given Simmons (Virginia Bar # 94196)
Dinsmore & Shohl LLP
801 Pennsylvania Ave, N.W., Suite 610
Washington, DC 20004
(202) 372-9116
Brittany.Simmons@dinsmore.com
*Counsel for Defendant, LVNV Funding, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Jason M. Krumbein, Esq.
1650 Willow Lawn Drive, Suite 201
Richmond, VA  23230
JKrumbein@KrumbeinLaw.com
*Counsel for Plaintiff, Dominique J. Walden*

*/s/ Brittany Given Simmons*
*Counsel for Defendant, LVNV*
*Funding, LLC*