## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**DOMINIQUE J. WALDEN,**

    **Plaintiff,**

**v.**                        **Civil Action No. 3:24-CV-00317-DJN**

**EQUIFAX INFORMATION SERVICES,
LLC,** *et al.,*

    **Defendants.**

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Dominique J. Walden's ("Plaintiff") Complaint (the "Complaint") as follows:

### PRELIMINARY STATEMENT

1.      In response to paragraph 1 of the Complaint, without conceding whether or not Plaintiff states any viable claim for relief, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* Experian denies that it violated any of the laws relied on by Plaintiff and denies that Plaintiff is entitled to any relief whatsoever against Experian. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 1 of the Complaint.

### JURISDICTION, VENUE and JURY DEMAND

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

3.      In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper. Experian states that this is a legal conclusion which is not subject to denial or admission. Experian admits that it is qualified to do business in the Commonwealth of Virginia. Except as specifically admitted, Experian lacks knowledge or information necessary to form a belief about the remaining allegations in paragraph 3 of the complaint and therefore denies same.

4.      In response to paragraph 4 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California and that it is qualified to do business and conducts business in the Commonwealth of Virginia.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

5.      In response to paragraph 5 of the Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## PARTIES

6.      In response to Paragraph 6 of the Complaint, Experian admits, upon information and belief, that Plaintiff is a natural person. Except as specifically admitted, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 6 and therefore denies the same.

7.      In response to Paragraph 7 of the Complaint, Experian admits, upon information and belief, that Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §§ 1681a(b) and (c). Except as specifically admitted, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 7 and therefore denies same.

8.      In response to paragraph 8 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 8 of the Complaint and therefore denies same.

9.      In response to paragraph 9 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 9 of the Complaint and therefore denies same.

10.      In response to paragraph 10 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California and that it is qualified to do business and conducts business in the Commonwealth of Virginia. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint.

11.      In response to paragraph 11, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(p) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12.      In response to paragraph 12 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 12 of the Complaint and therefore denies same.

13.      In response to paragraph 13 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 13 of the Complaint and therefore denies same.

14. In response to paragraph 14 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 14 of the Complaint and therefore denies same.

15. In response to paragraph 15 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 15 of the Complaint and therefore denies same.

16. In response to paragraph 16 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 16 of the Complaint and therefore denies same.

17. In response to paragraph 17 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 17 of the Complaint and therefore denies same.

18. In response to paragraph 18 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 18 of the Complaint and therefore denies same.

**FACTUAL ALLEGATIONS**

19. In response to paragraph 19 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 19 of the Complaint and therefore denies same.

20. In response to paragraph 20 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 20 of the Complaint and therefore denies same.

21.     In response to paragraph 21 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 21 of the Complaint and therefore denies same.

22.     In response to paragraph 22 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 22 of the Complaint and therefore denies same.

23.     In response to paragraph 23 of the Complaint, Experian admits that it received dispute letter correspondence dated December 13, 2022, from Plaintiff, or someone purporting to act on Plaintiff's behalf, on or about December 20, 2022, and dispute letter correspondence dated July 16, 2023, from Plaintiff, or someone purporting to act on Plaintiff's behalf, on or about July 16, 2023.   Experian states that the dispute correspondence speaks for itself and denies any allegation inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 23 of the Complaint that relates to Experian. As to the remaining allegations in paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian admits that it communicated with the furnisher of the relevant information regarding such disputes.   The communication speaks for itself, and Experian denies anything inconsistent therewith.   As to the allegations in paragraph 24 that relate to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Experian admits that in each such instance, the furnisher verified that Experian's reporting was accurate.  The contents of these communications speaks for itself, and Experian denies anything inconsistent therewith.   As to the allegations in paragraph 25 that relate to other Defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

26.     In response to paragraph 26 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 26 of the Complaint and therefore denies same.

27.     In response to paragraph 27 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 27 of the Complaint and therefore denies same.

28.     In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 29 of the Complaint and therefore denies same.

30.     In response to paragraph 30 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 30 of the Complaint and therefore denies same.

31.     In response to paragraph 31 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 31 of the Complaint and therefore denies same.

32.     In response to paragraph 32 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 32 of the Complaint and therefore denies same.

33.     In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

34.     In response to paragraph 34 of the Complaint, Experian admits that it received dispute letter correspondence dated December 13, 2022, from Plaintiff, or someone purporting to act on Plaintiff's behalf, on or about December 20, 2022, and dispute letter correspondence dated July 16, 2023, from Plaintiff, or someone purporting to act on Plaintiff's behalf, on or about July 16, 2023.  Experian states that the dispute correspondence speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 34 of the Complaint that relates to Experian. As to the remaining allegations in paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.     In response to paragraph 35 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 35 of the Complaint and therefore denies same.

36.     In response to paragraph 36 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore denies same.

37.     In response to paragraph 37 of the Complaint, Experian lacks knowledge or information necessary to form a belief about the truth of the allegations in paragraph 37 of the Complaint and therefore denies same.

38.     In response to paragraph 38 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian's conduct or is entitled to any recovery whatsoever from Experian. Experian further denies, generally and specifically, each and every remaining allegation of paragraph 38 of the Complaint that relates to Experian. As to the allegation in paragraph 38 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 38 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I:
### Claim for Relief as to Furnisher Defendants, 15 U.S.C. § 1681s-2(b)

39.     In response to paragraph 39 of the Complaint, Experian repeats and incorporates by reference its responses to paragraph 1-38 as if fully set forth herein.

40.     In response to paragraph 40 of the Complaint, the allegations in this paragraph are not directed toward Experian, and, therefore, no response is required.  In the event a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 40 of the Complaint.

41.     In response to paragraph 41 of the Complaint, the allegations in this paragraph are not directed toward Experian, and, therefore, no response is required.  In the event a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 41 of the Complaint.

42.     In response to paragraph 42 of the Complaint, the allegations in this paragraph are not directed toward Experian, and, therefore, no response is required.  In the event a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 42 of the Complaint.

43.     In response to paragraph 43 of the Complaint, the allegations in this paragraph are not directed toward Experian, and, therefore, no response is required.  In the event a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 43 of the Complaint.

44.     In response to paragraph 44 of the Complaint, the allegations in this paragraph are not directed toward Experian, and, therefore, no response is required.  In the event a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 44 of the Complaint.

45.     In response to paragraph 45 of the Complaint, the allegations in this paragraph are not directed toward Experian, and, therefore, no response is required.  In the event a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 45 of the Complaint.

46.     In response to paragraph 46 of the Complaint, the allegations in this paragraph are not directed toward Experian, and, therefore, no response is required.  In the event a response is required, Experian denies, generally and specifically, each and every allegation contained in paragraph 46 of the Complaint.

**COUNT II**
**Claim for Relief as to Equifax, TransUnion and Experian, 15 U.S.C. § 1681e(b)**

47.     In response to paragraph 47 of the Complaint, Experian repeats and incorporates by reference its responses to paragraphs 1-46 as if fully set forth herein.

48.     In response to paragraph 48 of the Complaint, Experian denies that it has violated 15 U.S.C. § 1681e(b). Experian further denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 48 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 48 of the Complaint.

49.     In response to paragraph 49 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian's conduct or is entitled to any recovery whatsoever from Experian. Experian further denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 49 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 49 of the Complaint.

50.     In response to paragraph 50 of the Complaint, Experian denies that its conduct, action, or inaction was negligent or willful as alleged in the Complaint. Experian further denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Complaint that relates to Experian. As to the allegations in paragraph 50 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 50 of the Complaint.

51.     In response to paragraph 51 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian's conduct or is entitled to any recovery whatsoever from Experian. As to the allegations in paragraph 51 that relate to another defendant, Experian

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 51 of the Complaint.

52.     In response to paragraph 52 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian's conduct or is entitled to any recovery whatsoever from Experian. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 52 of the Complaint that relates to Experian. As to the allegations in paragraph 52 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 52 of the Complaint.

**COUNT III**
**Claim for Relief as to Equifax, TransUnion and Experian, 15 U.S.C. § 1681i(a)**

53.     In response to paragraph 53 of the Complaint, Experian repeats and incorporates by reference its responses to paragraphs 1-52 as if fully set forth herein.

54.     In response to paragraph 54 of the Complaint, Experian denies that it has violated 15 U.S.C. § 1681i(a)(1). Experian further denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 54 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 54 of the Complaint.

55.     In response to paragraph 55 of the Complaint, Experian denies that it has violated 15 U.S.C. § 1681i(a)(2). Experian further denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 55 that

relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 55 of the Complaint.

56.     In response to paragraph 56 of the Complaint, Experian denies that it has violated 15 U.S.C. § 1681i(a)(4). Experian further denies, generally and specifically, each and every remaining allegation of paragraph 56 of the Complaint that relates to Experian. As to the allegations in paragraph 56 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 56 of the Complaint.

57.     In response to paragraph 57 of the Complaint, Experian denies that it has violated 15 U.S.C. § 1681i(a)(5). Experian further denies, generally and specifically, each and every remaining allegation of paragraph 57 of the Complaint that relates to Experian. As to the allegations in paragraph 57 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 57 of the Complaint.

58.     In response to paragraph 58 of the Complaint, Experian denies that it has violated 15 U.S.C. § 1681i(a)(5)(C). Experian further denies, generally and specifically, each and every remaining allegation of paragraph 58 of the Complaint that relates to Experian. As to the allegations in paragraph 58 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis,

denies, generally and specifically, each and every remaining allegation in paragraph 58 of the Complaint.

59.     In response to paragraph 59 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian's conduct or is entitled to any recovery whatsoever from Experian. Experian further denies, generally and specifically, each and every remaining allegation of paragraph 59 of the Complaint that relates to Experian. As to the allegations in paragraph 59 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 59 of the Complaint.

60.     In response to paragraph 60 of the Complaint, Experian denies that its conduct, action, or inaction was negligent or willful as alleged in the Complaint. Experian further denies, generally and specifically, each and every remaining allegation of paragraph 60 of the Complaint that relates to Experian. As to the allegations in paragraph 60 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 60 of the Complaint.

61.     In response to paragraph 61 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian's conduct or is entitled to any recovery whatsoever from Experian. As to the allegations in paragraph 61 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 61 of the Complaint.

62.     In response to paragraph 62 of the Complaint, Experian denies that Plaintiff suffered any damages as a result of Experian's conduct or is entitled to any recovery whatsoever from Experian. As to the allegations in paragraph 62 that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every remaining allegation in paragraph 62 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

In response to the unnumbered paragraph beginning with "WHEREFORE, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact," Experian denies that Plaintiff is entitled to any of the relief set forth therein, or any recovery whatsoever, against Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
#### (Truth/Accuracy of Information)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
**(Compliance/Good Faith)**

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff cannot recover against Experian to the extent that the Complaint and each claim for relief therein are barred by laches.

### SIXTH AFFIRMATIVE DEFENSE
**(Estoppel)**

Plaintiff cannot recover any damages that he may have suffered, which Experian continues to deny, to the extent that they were the direct and proximate result of the conduct of Plaintiff. Under such circumstances, Plaintiff would be estopped and barred from recovery of any damages from Experian.

### SEVENTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Plaintiff cannot recover against Experian to the extent that some or all of his claims for relief in the Complaint are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### EIGHTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
**(Intervening, Superseding Cause)**

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### TENTH AFFIRMATIVE DEFENSE
**(Punitive Damages)**

Plaintiff cannot recover against Experian to the extent that his Complaint fails to state a claim for relief for punitive damages. Additionally, Plaintiff cannot recover punitive damages against Experian to the extent that such an award would violate Experian's constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Arbitration)**

Plaintiff's claims are barred to the extent they are subject to a valid and binding arbitration agreement.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)   That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)   That Experian be dismissed as a party to this action;

(3)   For costs of suit and attorneys' fees herein incurred; and

(4)   For such other and further relief as the Court may deem just and proper.

Dated: July 19, 2024                    **EXPERIAN INFORMATION SOLUTIONS, INC.**

By: */s/ David N. Anthony*
　　David N. Anthony
　　Virginia State Bar No. 31696
　　*Counsel for Experian Information Solutions, Inc.*
　　TROUTMAN PEPPER HAMILTON SANDERS LLP
　　1001 Haxall Point
　　Richmond, VA 23219
　　Telephone: (804) 697-5410
　　Facsimile: (804) 698-5118
　　Email: david.anthony@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July 2024, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ David N. Anthony

David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc.*
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com

300251574