IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DOMINIQUE J. WALDEN, ) | |
|         Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | Civil Action No.: 3:24-cv-00317-DJN |
| EQUIFAX INFORMATION SERVICES, LLC, ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC., TRANS UNION, LLC, LVNV FUNDING ) | |
| LLC and ) | |
| NAVY FEDERAL CREDIT UNION, ) | |
|         Defendants. ) | |
| ) | |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that Defendant, LVNV Funding, LLC ("LVNV"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, has issued a subpoena for the production of documents upon the following third party:

Wells Fargo Bank, National Association

A copy of said subpoena is attached hereto as *Exhibit 1*.

Respectfully submitted,

*/s/ Brittany Given Simmons*
Brittany Given Simmons (Virginia Bar # 94196)
Dinsmore & Shohl LLP
801 Pennsylvania Ave, N.W., Suite 610
Washington, DC 20004
(202) 372-9116
Brittany.Simmons@dinsmore.com
*Counsel for Defendant, LVNV Funding, LLC*

#45438899v1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Jason M. Krumbein, Esq.
*Counsel for Plaintiff, Dominique J. Walden*

Mark Kirkland, Esq.
*Counsel for TransUnion, LLC*

John W. Montgomery, Esq.
*Counsel for Equifax Information Services, LLC*

David N. Anthony, Esq.
*Counsel for Experian Information Solutions, Inc.*

David Gettings, Esq.
Nicholas Jimenez, Esq.
*Counsel for Navy Federal Credit Union*

*/s/ Brittany Given Simmons*
*Counsel for Defendant, LVNV Funding, LLC*

#45438899v1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | ) | |
|---|---|---|
| Dominique J. Walden | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:24-CV-317 |
| Equifax Information Services, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Wells Fargo Bank, National Association

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A.

| Place: Brittany Simmons, Dinsmore & Shohl LLP<br>801 Pennsylvania Avenue, NW, Ste 610<br>Washington, DC  20004 | Date and Time:<br>09/05/2024 1:35 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | | *BJSimmons* (signature) |
|---|---|---|
| | OR | |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* LVNV Funding, LLC
_____, who issues or requests this subpoena, are:
Brittany G. Simmons (VSB No. 94196), Dinsmore & Shohl LLP, 801 Pennsylvania Avenue, NW, Ste 610, Washington, DC 20004, brittany.simmons@dinsmore.com, 202-372-9116

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:24-CV-317

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                        *Server's signature*

                                        _____
                                                        *Printed name and title*

                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A to Subpoena *Duces Tecum* to Wells Fargo Bank, N.A.**

I. **DEFINITIONS**

1. "You" or "Your" means and refers to Wells Fargo Bank, N.A. or, and its owners, agents, representatives, employees, officers, directors, accountants, independent contractors, or attorneys.

2. The term "documents" means any designated documents or electronically stored information, including records, communications, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or if necessary after translation by the responding party into a reasonable form.

3. The term "communication" includes the transmission of facts, opinions, beliefs, and any other form of information or expression of thought between or among persons or entities or other rendition of such information or expression of thought by a person or entity to himself, itself, or to a file. Communications shall include, but is not limited to, e-mail communications, text messages, journals, diaries, calendars, electronic blogs, handwritten notes, typed notes, personal journals, manuals, pamphlets, periodicals, letters, minutes, memoranda, invoices, bills, receipts, financial statements, accounting entries, facsimiles, telex, telegrams, cables, contracts, agreements, drafts, working papers, charts, papers, graphs, index lists, tapes, microfilm, data processing cards, computer recorded and computer-stored data, black box data, sensing module data, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced, stored or propounded, or any other documentation, which is or was in the custody or control of you, your attorneys, or your agents.

4. "Relate" or "Refer" to both mean and refer to comprising, embodying, containing, reflecting, memorializing, constituting, evidencing, setting forth, mentioning, concerning, discussing, describing, analyzing, reporting on, commenting on, identifying, stating, considering, dealing with, pertaining to, or referring to.

II. **INSTRUCTIONS**

1. In responding to these requests, furnish all information and produce all documents that are available to You, including not only information and documents immediately available to

1

    Your counsel but also that are available to or in the possession, custody, or control of You or Your agents.

2. If You object to part of a request and refuse to respond to that part, You must produce all documents called for which are not subject to that obligation. Similarly, wherever a document is not produced in full, please state with particularity the reason(s) it is not being produced in full, and describe, to the best of Your knowledge, those portions of the document which are not produced.

3. Wherever used herein: the singular shall include the plural and the plural shall include the singular; verb tenses shall be interpreted to include past, present, and future tenses; the word "all" includes the word "any" and vice versa; and the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

4. Any Request for Documents includes, but is not limited to, production of any electronically stored information ("ESI"). Any ESI shall be produced in its native format.

## III.  REQUESTS

1. Any and all documents related to any accounts, credit applications, extensions/denials of credit, statements, communications, and information relating to Dominique J. Walden, with a Social Security number ▮▮▮▮▮▮▮▮ [full SS# available upon request], with a date of birth of ▮▮▮▮▮▮, and a potential address as ▮▮▮▮▮▮▮▮▮▮, Richmond, Virginia 23234, or ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Richmond, Virginia 23225, or ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Durant, Mississippi 39063.

2. Any and all documents related to Wells Fargo bank account number ▮▮▮▮▮▮▮▮ (ABA routing number ▮▮▮▮▮▮▮▮)(the "Account") including but not limited to monthly Account statements, deposits into the Account, payments from the Account, credit applications, extensions/denials of credit, statements, communications, identity verifications, a copy of the driver's license or other photo identification used to open the Account, and or any other documents in connection with that Account.

3. Any and all documents verifying the owner of Wells Fargo bank Account number ▮▮▮▮▮▮▮▮, including but not limited to monthly Account statements, deposits into the Account, payments from the Account, credit applications, extensions/denials of credit, statements, communications, identity verifications, a copy of the driver's license or other photo identification used to open the Account, and or any other documents in connection with that Account.

4. Any and all documents related to the accounts and/or transactions associated with Dominique J. Walden's name; the address of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Richmond, Virginia 23234, or ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Richmond, Virginia 23225, or ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Durant, Mississippi 39063; and/or the email address of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Respectfully submitted,

*/s/ Brittany Given Simmons*
Brittany Given Simmons (VSB No. 94196)
Dinsmore & Shohl LLP
801 Pennsylvania Ave, N.W., Suite 610
Washington, DC 20004
(202) 372-9116
Brittany.Simmons@dinsmore.com
*Counsel for Defendant, LVNV Funding, LLC*

3